# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MARIA AYALA, RAUL AYALA, JOSUE I. AYALA, JOSE E. AYALA, JOSE AYALA III, JOSE AYALA, individually and as next friend of J.A., GILBERTO AYALA SR., as next friend of G.A., JOSE BERLANGA, individually and as next friend of F.B., MARIA BERLANGA, JOANNA BERLANGA, VICTORIA BERLANGA, LISBETH BERLANGA, JUAN HERNANDEZ, ROMAN ARRIAGA, RICARDO CEPEDA, individually and as next friend of R.C. and Y.C., RAQUEL CEPEDA, JULIANA CEPEDA, TANIA YARELI CEPEDA, VALERIA CEPEDA, HILARIO MILAN SR., individually and as next friend of G.M., J.M., and Z.M., CLAUDIA MILAN, HILARIO MILAN JR., JOSE LUGO, VICTOR MANUEL VALERO JR., RAUL FLORES III., ROMAN MILAN SR., individually and as next friend of R.M., GUILLERMA MILAN, JAIME GARZA JR., RUBEN CORTEZ, DANIEL CORTEZ, ALEJANDRO DE LEON SR., JOSE ANGEL DE LEON, ALEJANDRO DE LEON JR., and RENE FUENTES, | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | |
|       Plaintiffs, | | |
| V. | | |
| PIONEER HI-BRED INTERNATIONAL, INC., ROMAN QUINTANILLA SR., ROMAN QUINTANILLA JR., ROSA QUINTANILLA, and ROGELIO QUINTANILLA, | | |
|       Defendants. | | |

CIVIL TRIAL NO.

JURY TRIAL DEMANDED

## PLAINTIFFS' ORIGINAL COMPLAINT

## PRELIMINARY STATEMENT

1.      This is an action for damages, declaratory, and injunctive relief brought by forty-two (42) migrant farm workers against their employers. The action is based on Defendants' violation of Plaintiffs' rights under the Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. §§ 1821-23, 1841-42, (hereafter AWPA), the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 (hereafter FLSA), and on the state law claims of breach of contract, promissory estoppel, quantum meruit, and fraud in the inducement.

2.      In the summer of 2009, Defendants Pioneer Hi-Bred International, Inc. and Roman Quintanilla Sr. recruited Plaintiffs to detassel corn in Indiana.  Detasseling corn is a step in the production of hybrid seed corn.

3.      Thirty-eight (38) Plaintiffs,  Maria Ayala, Raul Ayala, Josue I. Ayala, Jose E. Ayala, Jose Ayala III., Jose Ayala, J.A., G.A., Jose Berlanga, F.B., Maria Berlanga, Joanna Berlanga, Victoria Berlanga, Lisbeth Berlanga, Juan Hernandez, Roman Arriaga, Ricardo Cepeda, R.C., Y.C., Raquel Cepeda, Juliana Cepeda, Tania Yareli Cepeda, Valeria Cepeda, Hilario Milan Sr., G.M., J.M., Z.M., Claudia Milan, Hilario Milan Jr., Victor Manuel Valero Jr., Raul Flores III., Jaime Garza Jr., Ruben Cortez, Daniel Cortez, Alejandro De Leon Sr., Jose Angel De Leon, Alejandro De Leon Jr., and Rene Fuentes, left their homes and traveled from South Texas across the country to work for the Defendants.

4.       Four (4) Plaintiffs, Jose Lugo, Roman Milan Sr., R.M., and Guillermina Milan, left a job in Minnesota to travel to Indiana to work for the Defendants.

5.      Plaintiffs were promised certain terms and conditions of employment and relied upon these representations in traveling to Indiana to work for the Defendants.

6.      Defendants provided information to Plaintiffs at the time of recruitment that varied from worker to worker. In all cases false and misleading information was provided. At the time of recruitment, most of the Plaintiffs did not receive written disclosures of the terms of employment. The disclosures that were provided were confusing, deceptive and not always in a language workers could understand.

7.      Most of the Plaintiffs were promised they would receive hefty bonuses at the end of the season.

8.      Plaintiffs believed that they would earn amounts varying from $3,000 to $4,000 for the corn detasseling season.

9.      Defendants placed Plaintiffs in poor housing that did not comply with substantive federal and state safety standards.

10.      Defendants transported some plaintiffs in vehicles that were overcrowded and otherwise unsafe.

11.      Defendants failed to pay wages owed when due and failed to provide each worker with accurate wage statements.

12.      Defendants failed to pay bonuses as promised to Plaintiffs.

13.      Defendants failed to pay the Plaintiffs the federal minimum wage.

14.      Some Plaintiffs were improperly exposed to pesticides while employed by Defendants.

15.      Some of the Plaintiffs were improperly fired by Defendants for seeking to protect their rights under the law.

## JURISDICTION AND VENUE

16.     This Court has subject matter jurisdiction based on federal question jurisdiction

pursuant to 28 U.S.C. §§ 1331, 1337.

17.     The federal claims in this action are authorized and instituted pursuant to 29

U.S.C. §§ 1854(a) and 216(b).

18.     This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over

Plaintiffs' claims arising under state law, because these claims are so related to the federal claims

that they form part of the same case or controversy.

19.     This Court has general jurisdiction over Defendant Pioneer Hi-Bred International,

Inc. because the company has maintained continuous and systematic contacts with the state of

Texas for at least ten years.

20.     This Court also has specific jurisdiction over Defendants because Plaintiffs'

causes of action arise out of Defendants' contacts with Texas.  Defendants contracted with

Plaintiffs in Texas and several of Defendants' violations of laws occurred in Texas.

21.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C.

§§ 2201-2202 and Tex.Civ.Prac. & Rem. Code §§ 37.001-.011.

22.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), 29 U.S.C. §§

1854(a), 216(b).

## PARTIES

23.     Plaintiffs Maria Ayala, Raul Ayala, Josue I. Ayala, Jose E. Ayala, Jose Ayala III,

Jose Ayala, J.A., G.A., Jose Berlanga, F.B., Maria Berlanga, Joanna Berlanga, Victoria Berlanga,

Lisbeth Berlanga, Juan Hernandez, Roman Arriaga, Hilario Milan Sr., G.M., J.M., Z.M., Claudia

Milan, Hilario Milan Jr., Victor Manuel Valero Jr., Raul Flores III,  Jaime Garza Jr., Jose Lugo,

Roman Milan Sr., R.M., Guillermina Milan, Ricardo Cepeda, R.C., Y.C., Raquel Cepeda, Juliana Cepeda, Tania Yareli Cepeda, Valeria Cepeda, Ruben Cortez, Daniel Cortez, Alejandro De Leon Sr., Jose Angel De Leon, Alejandro De Leon Jr, and Rene Fuentes (hereafter Plaintiffs) all have their permanent place of residence in Texas.

24.     Plaintiffs Ricardo Cepeda, R.C., Y.C., Raquel Cepeda, Juliana Cepeda, Tania Yareli Cepeda, and Valeria Cepeda all reside in Willacy County, Texas.

25.     Plaintiffs J.A., G.A., F.B., R.C., Y.C., G.M., J.M., Z.M., and R.M., are minor children and are referred to by their respective initials per The Southern District of Texas' General Order No. 2004 – 11.

26.     Defendant Pioneer Hi-Bred International, Inc. (hereafter Pioneer) is an Iowa corporation, having its principal place of business in Des Moines, Polk County, Iowa.  Process may be served upon Pioneer's registered agent in Iowa, Judith McKay, at 5700 Merle Hay Rd. Johnston, IA. 50131-1014 or upon Pioneer's registered agent for service of process in Texas, CT Corporation System, 350 N. St. Paul Street, Ste. 2900, Dallas, Texas  75201-4234.

27.     Defendants Roman Quintanilla Sr., Roman Quintanilla Jr., Rosa Quintanilla, and Rogelio Quintanilla reside in Hidalgo County, Texas. Upon information and belief process may be served at ----------------, Mercedes, Texas.

### STATEMENT OF FACTS

28.     At all times relevant to this action Plaintiffs were "migrant agricultural workers" within the meaning of 29 U.S.C. 1802(8)(A).

29.     At all times relevant to this action, Defendants were agricultural employers within the meaning of 29 U.S.C. § 1802(2).

30.     During the course of their employment at Pioneer, the Plaintiffs were employed by the Defendants within the meaning of 29 U.S.C. § 203(g) and 29 U.S.C. § 1802(5)(g).

31.     At all times relevant to this action Plaintiffs were engaged in agricultural employment as defined by 29 U.S.C. § 1802(3).

32.     At all times relevant to this action Defendants were engaged in the production of goods for movement in interstate commerce or for incorporation as an ingredient in products that could be anticipated to move in interstate commerce.

33.     Defendant Pioneer produces, markets, and sells hybrid seed corn in nearly 70 countries worldwide. Pioneer sells products worldwide through a variety of organizations, including wholly owned subsidiaries, joint ventures, sales representatives, and independent dealers.

34.     Defendants Roman Quintanilla Sr., Roman Quintanilla Jr., Rosa Quintanilla and Rogelio Quintanilla are farm labor contractors within the meaning of 29 U.S.C. § 1802(7).

35.     The Plaintiffs detasseled corn for Pioneer.  Detasseling is a necessary step in the production of hybrid seed corn.  It is labor intensive work performed on the corn while it is still planted in the field where the tassel at the top of each of the corn stalks in a row is removed by hand. Rows can be between a half mile and a mile long.

36.     Defendants Roman Quintanilla Sr., Roman Quintanilla Jr., Rosa Quintanilla and Rogelio Quintanilla recruited the Plaintiffs, acting on behalf of and as an agent of Defendant Pioneer.  Plaintiffs were recruited to work out-of-state in Indiana.

37.     Defendant Pioneer authorized Defendants Roman Quintanilla Sr., Roman Quintanilla Jr., Rosa Quintanilla and Rogelio Quintanilla to recruit Plaintiffs and authorized them to take actions needed to accomplish this purpose, including providing Plaintiffs with

information concerning their transportation, housing, pay rates, and other terms of employment, prior to their departing for Indiana.

38.     Defendant Roman Quintanilla Sr. is registered as a farm labor contractor with the U.S. Department of Labor.  This registration only authorized Defendant Roman Quintanilla Sr. to engage in the farm labor contractor activity of recruiting workers.

39.     Defendants Roman Quintanilla Jr., Rosa Quintanilla, and Rogelio Quintanilla were not at any time relevant to this action registered as farm labor contractors with the U.S. Department of Labor.

40.     Defendants offered Plaintiffs agricultural employment with Defendants during the summer of 2009; Plaintiffs accepted the offer.

41.     As part of their offer of employment, Defendants knowingly made certain promises and factual misrepresentations to Plaintiffs regarding the terms and conditions of the working arrangement.  They intended that Plaintiffs would rely on those promises and misrepresentations, thereby inducing Plaintiffs to accept Defendants' offer.

42.     Defendants' promises and factual misrepresentations did in fact induce Plaintiffs to accept Defendants' offer.

43.     Plaintiffs' conduct undertaken in reliance on Defendants' promises and factual misrepresentations was reasonable and detrimental to them.

44.     Defendants were at all times aware of Plaintiffs' conduct undertaken in reliance on Defendants' promises and misrepresentations.

45.     Defendants' promises and factual misrepresentations, which are set out below, were and are material to the employment arrangement.

46.     Among other things, the contract and working arrangement called for Plaintiffs Maria Ayala, Raul Ayala, Josue I. Ayala, Jose E. Ayala, Jose Ayala III., Jose Ayala, J.A., G.A., Jose Berlanga, F.B., Maria Berlanga, Joanna Berlanga, Victoria Berlanga, Lisbeth Berlanga, Juan Hernandez, Roman Arriaga, Ricardo Cepeda, R.C., Y.C., Raquel Cepeda, Juliana Cepeda, Tania Yareli Cepeda, Valeria Cepeda, Hilario Milan Sr., G.M., J.M., Z.M., Claudia Milan, Hilario Milan Jr., Victor Manuel Valero Jr., Raul Flores III., Jaime Garza Jr., Ruben Cortez, Daniel Cortez, Alejandro De Leon Sr., Jose Angel De Leon, Alejandro De Leon Jr., and Rene Fuentes,to leave their places of residence and to travel from Texas to Indiana to work for the Defendants.

47.     Among other things, the contract and working arrangement called for Plaintiffs Roman Milan Sr., R.M., Guillerma Milan, Jose Lugo to travel from Minnesota where they had been working for another employer to Indiana to work for the Defendants.

48.     By traveling to Indiana and working there for the duration of the detasseling season, Plaintiffs forewent other employment opportunities.

49.     Defendants failed to disclose at the time of recruitment in writing and in Spanish the terms and conditions of the employment to each Plaintiff.  Some Plaintiffs signed documents in Texas. Not all of the Plaintiffs received copies of the documents they signed.

50.     Most of the Plaintiffs speak and read only Spanish.

51.     Defendants knowingly provided false, misleading, and confusing information to the Plaintiffs regarding the terms and conditions of the Plaintiffs' employment, including the manner in which their pay and bonuses would be calculated.

52. Defendants and/or their representatives promised all of the Plaintiffs that they would earn substantially more for the detasseling season than they did earn. Plaintiffs received differing information about what their earnings would be, varying from $3,000 to $5,000.

53. Many of the Plaintiffs were promised more work than they received.

54. Defendants promised that Plaintiffs would be paid $60 cash upon their arrival in Indiana. Many of the Plaintiffs did not receive this payment upon arrival. Many of those who did receive this payment did not receive it until near the end of the season.

55. At the time of recruitment Defendants provided false and misleading information to the Plaintiffs regarding the condition of the fields they were to be working. They were promised the fields would have already been processed or cleaned once.

56. Had Defendants represented to Plaintiffs, without falsity, the actual terms and conditions of the work (including, but not limited to, the actual hourly, weekly, or total seasonal wage; the actual calculation method or availability of bonuses; the weeks and hours of work in fact available; and/or the fact that the condition of the fields they would be working would not be as promised), Plaintiffs would not have accepted the offer of employment, nor acted in reliance on Defendants' promises or factual misrepresentations.

57. Upon information and belief the Defendants did not maintain payroll records accurately reflecting the hours Plaintiffs worked. They did not reflect time in which Plaintiffs were required to wait in Pioneer's fields.

58. Upon information and belief Roman Quintanilla Sr., Roman Quintanilla Jr., Rogelio Quintanilla, and Rosa Quintanilla did not provide Defendant Pioneer with copies of accurate payroll records including all hours worked by Plaintiffs.

59.     Defendants paid Plaintiffs less than the federal minimum wage during their employment.  Defendants' failed to pay Plaintiffs for all hours for which they were entitled to compensation, Plaintiffs were not paid for time spent waiting in Pioneer's fields.

60.     The pay statements provided by the Defendants to the Plaintiffs did not show or reflect the number of acres detasseled during the pay period.

61.     Multiple Plaintiffs were exposed to pesticides when they were ordered into and instructed to work a field that had just been sprayed with a liquid which the Plaintiffs observed to have a red tint and a chemical odor.

62.     Upon information and belief, Defendants had Plaintiffs work in fields that had been treated with pesticides during the previous twenty four hours.

63.     Some of the Plaintiffs suffered injuries as a result of pesticide exposure.

64.     Defendant Pioneer utilized Defendants Roman Quintanilla Sr., Roman Quintanilla Jr., Rosa Quintanilla and Rogelio Quintanilla to supply migrant agricultural workers (the Plaintiffs) by, inter alia, transporting agricultural workers.

65.     Defendants transported or caused the transportation of Plaintiffs Ruben Cortez, Daniel Cortez, Alejandro De Leon Sr., Jose Angel De Leon, Alejandro De Leon Jr., and Rene Fuentes in a vehicle that did not comply with federal or state safety standards.  These Plaintiffs were transported from Texas to Indiana in the back on a pick-up truck.  They did not have seats and the passengers and their luggage became wet when it rained and the camper on the back of the truck leaked.

66.     Defendant Pioneer used Defendants Roman Quintanilla Sr., Roman Quintanilla Jr., Rosa Quintanilla and Rogelio Quintanilla to transport workers without first taking reasonable

steps to determine whether they possessed a certification of registration from the U.S. Department of Labor that authorized him to transport workers.

67. The Defendants housed Plaintiffs at the Motel 6 in Mishawaka, Indiana. Defendants owned or controlled the housing facility.  Upon information and belief, there were few, if any, guests at the motel other than those employed by Pioneer.

68. The housing Defendants provided to Plaintiffs was in poor condition, overcrowded, and unsuitable.  It did not meet the minimum health and safety standards specified under the AWPA, under its attendant regulations, or under applicable state law because of conditions that included, inter alia:

    a.  Overcrowding;

    b.  Poor and unsanitary condition;

    c.  Insufficient number of beds so that numerous unrelated workers had to share beds;

    d.  Shared sleeping spaces, toilet, and shower facilities for unrelated men and women;

    e.  Absence of laundry facilities; and

    f.  Inadequate cooking, refrigeration, food storage and food preparation facilities.

69. At the time of recruitment, Plaintiffs were promised housing with refrigerators and cooking facilities.  Many of the Plaintiffs did not have appropriate means to cook for at least a portion of the time they resided in the Defendants' housing.  Plaintiffs had to purchase their own stoves and hot plates.

70. Upon information and belief Defendants failed to obtain the required certification that the housing met the minimum safety and health standards specified under the AWPA and under state and federal law.

71.     Defendants failed to post a copy of the required certification of occupancy in the housing.

72.     Defendant Pioneer utilized the services of Defendants Roman Quintanilla Sr, Roman Quintanilla Jr., Rosa Quintanilla, and Rogelio Quintanilla to house workers without first taking reasonable steps to determine whether these Defendants possessed a certificate of registration from the U.S. Department of Labor that authorized them to house agricultural workers.

73.     Defendant Pioneer utilized Defendants Roman Quintanilla Sr., Roman Quintanilla Jr., Rosa Quintanilla and Rogelio Quintanilla to supply migrant agricultural workers by, inter alia, housing the workers.

74.     Defendants Roman Quintanilla Sr., Roman Quintanilla Jr., Rosa Quintanilla, and Rogelio Quintanilla engaged in farm labor contracting activities without being properly registered and authorized to engage in such activities, as required by the AWPA.

75.     Defendants did not maintain clean, sanitary, and accessible toilets and hand washing facilities for Plaintiffs while they were working.

76.     Defendants did not provide adequate clean, suitably cool, and accessible drinking water for Plaintiffs while they were working in the fields.

77.     At all times relevant hereto, Plaintiffs were ready to comply, and did in fact comply, with the terms of the working arrangement and contract between themselves and the Defendants.

78.     Defendants violated without justification their agreement and breached their contracts with Plaintiffs by not complying with all the terms and conditions promised at the time of recruitment.

79.     The Plaintiffs suffered injury as a result of the Defendants' actions and omissions, violations of the working agreements, and breach of contract.  They suffered, inter alia, mental anguish, humiliation, and other emotional harm because of Defendants' violation of the agreements.

80.     Plaintiffs informed Pioneer and its agents of their dissatisfaction with their treatment and the manner in which they were being paid.   Plaintiffs' complaints were met with hostile dismissal from Pioneer, its employees, and agents.

81.     In an effort to seek protection of their rights and try to improve their situation, Plaintiffs contacted Indiana Legal Services, Inc. while they were still employed by the Defendants.  Shortly after meeting with representatives from Indiana Legal Services, Inc., Defendant Pioneer fired many of the Plaintiffs without justification.

82.     Upon information and belief, Plaintiffs' employment was terminated by Pioneer in retaliation for their having asserted their legal rights regarding their employment.

83.     All of the actions and omissions alleged in the paragraphs above were undertaken by Defendants either directly and/or through their agents.

**FIRST CAUSE OF ACTION: MIGRANT AND SEASONAL AGRICULTURAL WORKER PROTECTION ACT**

84.     Plaintiffs reincorporate and re-allege paragraphs 1 through 83 of this complaint as if fully set forth herein.

85.     Defendants intentionally violated the Plaintiffs' rights under the AWPA by, interalia:

a.  Failing to disclose in writing all the terms and conditions of employment required by 29 U.S.C. §1821(a) at the time that each Plaintiff was recruited;

b.   Failing to provide to each Plaintiff required disclosures in a language that he or she could understand at the time of recruitment in violation of 29 U.S.C. § 1821(g);

c.   Knowingly providing false and misleading information to Plaintiffs regarding the terms and conditions of employment in violation of 29 U.S.C. § 1821(f);

d.   Transporting Plaintiffs Ruben Cortez, Daniel Cortez, Alejandro De Leon Sr., Jose Angel De Leon, Alejandro De Leon Jr., and Rene Fuentes, or causing such Plaintiffs to be transported, in vehicles without assuring that the vehicle in which Plaintiffs were transported complied with federal and state vehicle safety standards.

e.   Violating the terms of the working arrangement made with Plaintiffs in violation of 29 U.S.C. § 1822(c);

f.   Failing to pay each Plaintiff the wages owed to him or her when due in violation of 29 U.S.C. § 1832(a);

g.   Failing to provide adequate pay statements to each Plaintiff in violation of 29 U.S.C. § 1821(d)(2);

h.   Failing to keep adequate payroll records for each Plaintiff in violation of 29 U.S.C. § 1821(d)(1);

i.   Failing to ensure that the housing provided to Plaintiffs complied with applicable substantive federal and state health and safety standards in violation of 29 U.S.C. § 1823(a);

j.   Failing to obtain and post certification from an appropriate authority that the housing to be provided to the Plaintiffs complied with applicable minimum safety and health standards for migrant housing, before using the facility to house the Plaintiffs, in violation of 29 U.S.C. § 1823(b); and

14

    k.  Failing to post in a conspicuous place or present to each Plaintiff a statement of the terms and conditions of Plaintiffs' occupancy of the housing, in violation of 29 U.S.C. § 1821(c).

86.    Defendant Pioneer further intentionally violated the Plaintiffs' rights under the AWPA by, inter alia:

    a.  Utilizing farm labor contractor Roman Quintanilla Sr., Roman Quintanilla Jr., Rosa Quintanilla, and Rogelio Quintanilla to perform farm labor contractor activities for which they were not certified to engage in by the U.S. Department of Labor in violation of 29 U.S.C. § 1842;

    b.  Terminating the Plaintiffs' employment in retaliation for their having sought to protect their rights in violation of 29 U.S.C. §1855.

87.    Defendants Roman Quintanilla Sr., Roman Quintanilla Jr., Rogelio Quintanilla, and Rosa Quintanilla further intentionally violated the Plaintiffs' right under the AWPA by, inter alia:

    a.  Failing to provide copies of accurate payroll records to Defendant Pioneer, in violation of 29 U.S.C. § 1821(e); and

    b.  Engaging in farm labor contractor activities without first obtaining certification from the U.S. Department of Labor allowing engagement in such activities.

88.    As a direct consequence of the Defendants' violations of Plaintiffs' rights under AWPA, Plaintiffs suffered substantial injury.

89.    For each of the Defendants' violations of AWPA, each of the Plaintiffs is entitled to receive up to $500 per violation in statutory damages, or actual damages.

**SECOND CAUSE OF ACTION: FAIR LABOR STANDARDS ACT**

90.     Plaintiffs re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 83 as set forth above.

91.     This claim arises under the FLSA, 29 U.S.C. §§ 201-219, against Defendants.

92.     Defendants violated Plaintiffs' rights under FLSA by paying them less than the federal minimum wage.

93.     As a consequence of Defendants' violation of the Plaintiffs' rights under FLSA, Plaintiffs are entitled to their unpaid minimum wages, an additional equal amount in liquidated damages, and attorneys' fees and costs of court.

94.     Defendant Pioneer further violated FLSA, 29 U.S.C. § 215(a)(3) by retaliating against some Plaintiffs.  These Plaintiffs' employment was terminated in retaliation for their having engaged in protected conduct to protect their rights under FLSA.

95.     As a consequence of Defendants Pioneer's intentional violation of FLSA's Anti-Retaliation provision, Plaintiffs are entitled to lost wages, an additional equal amount in liquidated damages, attorney's fees, costs of the court, and appropriate compensatory damages.

**THIRD CAUSE OF ACTION: BREACH OF CONTRACT**

96.     Plaintiffs re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 83 of this complaint as if fully set forth herein.

97.     Defendants entered into an individual employment contract with each Plaintiff.

98.     Defendants breached each contract of employment into which they entered with Plaintiffs by failing to comply with the promised terms and conditions of employment.

99.     As a direct consequence of Defendants' breach of the employment contract, Plaintiffs suffered substantial injury.

100.    Defendants are therefore liable to Plaintiffs for actual, incidental, and consequential damages, and costs under Tex. Civ. Prac. & Rem. Code Ann. §§ 38.001 (Vernon 2007).

### FOURTH CAUSE OF ACTION: PROMISSORY ESTOPPEL

101.    Plaintiffs re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 83 of this complaint as if fully set forth herein.

102.    Acting in reasonable and detrimental reliance on Defendants' promises regarding the terms and conditions of the employment arrangement, Plaintiffs traveled from Texas or Minnesota to Indiana in order to perform the agreed-upon detasseling work.

103.    Further acting in reasonable and detrimental reliance on Defendants' promises, Plaintiffs performed the detasseling work, which served to benefit Defendants.

104.    Defendants intentionally designed their promises regarding the terms and conditions of the employment arrangement to induce or tacitly encourage Plaintiffs to rely on those promises, and to act thereon to their detriment.

105.    Plaintiffs' conduct in reliance on Defendants' promises was at all times known to Defendants.

106.    Defendants are therefore liable to Plaintiffs for damages directly caused by Plaintiffs' reasonable and detrimental reliance on Defendants' promises.

### FIFTH CAUSE OF ACTION: QUANTUM MERUIT
### (CONTRACT IMPLIED-IN-LAW)

107.    Plaintiffs re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 83 of this complaint as if fully set forth herein.

108.    By detasseling corn in Defendant Pioneer's seed fields, Plaintiffs provided valuable services to Defendants.

109.    Defendants accepted, used, and enjoyed Plaintiffs' services.

110.    By traveling to Indiana and performing the work, Plaintiffs notified and communicated to Defendants their expectation that they would be properly paid for such work.

111.    Despite accepting, using, and enjoying Plaintiffs' services, Defendants failed to pay Plaintiffs as agreed upon for their work, and were thereby unjustly enriched.

112.    Plaintiffs are therefore entitled to recover from Defendants in quantum meruit, to compensate Plaintiffs for services provided and to avoid the unjust enrichment of Defendants.


**SIXTH CAUSE OF ACTION: FRAUD IN THE INDUCEMENT**

113.    Plaintiffs re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 83 of this complaint as if fully set forth herein.

114.    Defendants knowingly and fraudulently misrepresented material facts regarding the employment arrangement to Plaintiffs, specifically misrepresenting, inter alia, the amount of wages, the number of hours and weeks of available work, and the bonus amounts that Defendants would pay to Plaintiffs.

115.    At the time Defendants knowingly made such misrepresentations to Plaintiffs, Defendants knew those facts to be false, or asserted those facts without knowledge of the truth.

116.    Defendants intended that the misrepresentations would induce Plaintiffs to accept the employment offer and perform the detasseling work.

117.    Plaintiffs were in fact induced to act upon the misrepresentations, and as a result traveled to Indiana and performed the detasseling work.  Plaintiffs' reliance was reasonable,

given the nature of Defendants' false statements and promises regarding the terms and conditions of employment.

118.    Had Defendants represented the terms and conditions of the detasseling work without falsity, Plaintiffs would not have accepted the offer, traveled to Indiana, nor performed the work.

119.    Among other injuries, Plaintiffs, inter alia, incurred travel expenses, forewent other employment opportunities, sustained physical injuries, and experienced mental anguish and other emotional harm.  Plaintiffs experienced these and other injuries as a direct and proximate result of their reasonable reliance on Defendants' misrepresentations.

120.    Defendants are therefore liable to Plaintiffs for damages for actual, special, and exemplary damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request that this Court grant them the following relief:

a.  Enter a declaratory judgment that Defendants Pioneer, Roman Quintanilla Sr., Roman Quintanilla Jr., Rogelio Quintanilla, and Rosa Quintanilla violated Plaintiffs' rights under AWPA and violated Plaintiffs' rights under FLSA;

b.  Enter a declaratory judgment that Defendants Pioneer and Roman Quintanilla Sr., Roman Quintanilla Jr., Rosa Quintanilla and Rogelio Quintanilla breached Plaintiffs' employment contracts and are liable to Plaintiffs based on Plaintiffs' promissory estoppel, quantum meruit, and fraud in the inducement claims;

c.  Award Plaintiffs their actual damages or, alternatively, statutory damages of $500.00 per person per violation for Defendants' violations of the AWPA;

d.  Award Plaintiffs their unpaid minimum wages, an equal amount in liquidated

damages, and punitive damages for Defendants' violations of FLSA's minimum wage

requirement;

e.  Award Plaintiffs the lost wages they did not receive as a result of not having

completed the detassiling season, an additional equal amount in liquidated damages,

attorney's fees, cost of the court, and appropriate compensatory and punitive damages

for Defendant Pioneer's violation of FLSA's anti-retaliation provision;

f.  Award Plaintiffs their actual, incidental, and consequential damages resulting from

Defendants' breach of contract;

g.  Award Plaintiffs their damages resulting from their reasonable and detrimental

reliance on Defendants'  promises;

h.  Award Plaintiffs their general, special, and exemplary damages resulting from

Defendants' fraud in the inducement;

i.  Award Plaintiffs their attorneys' fees, reasonable expenses and costs of court;

j.  Award Plaintiffs prejudgment  and post judgment interest as allowed by law; and

k.  Award Plaintiffs such other relief as this Court deems just and proper.

Respectfully submitted,

_____s/Edward A. Sandoval_____

Edward A. Sandoval
Attorney-in-Charge for Plaintiff Group 1
Texas Bar No. 24063770
S.D. ID No. 1057159
TEXAS RIOGRANDE LEGAL AID, INC
300 South Texas Blvd
Weslaco, Texas 78596
Telephone: (956) 447-4800
Facsimile: (956) 968-8823

Marinda van Dalen

Co-Counsel for Plaintiff Group 1
Texas Bar No. 00789698
S.D. ID No. 17577
TEXAS RIOGRANDE LEGAL AID, INC
531 E. St. Francis Street
Brownsville, Texas 78520
Telephone: (956) 982-5540
Facsimile: (956) 541-1410

Melody Goldberg
Co-Counsel for Plaintiff Group 1
Indiana Bar No. 26377-49
Indiana Legal services, Inc.
151 N. Delaware St., Ste. 1800
Indianapolis, Indiana 46204
Telephone: (317) 631-9410
Facsimile: (317) 631-9775

Elliott Thomas Tucker
Federal Bar No. 1074776
State Bar No. 24075183
Attorney in Charge for Plaintiff's Group 2
South Texas Civil Rights Project
P.O. Box 188
San Juan, TX  78589
(956) 787-8171 phone
(956) 787-6348 fax

Corinna Spencer-Scheurich
Co-Counsel for Plaintiff Group 2
Federal Bar No. 619913
State Bar No. 24048814
South Texas Civil Rights Project
P.O. Box 188
San Juan, TX  78589
(956) 787-8171 phone
(956) 787-6348 fax

Plaintiff Group 1: Maria Ayala, Raul Ayala, Josue I. Ayala, Jose E. Ayala, Jose Ayala III., Jose Ayala, J.A., G.A., Jose Berlanga, F.B., Maria Berlanga, Joanna Berlanga, Victoria Berlanga, Lisbeth Berlanga, Juan Hernandez, Roman Arriaga, Ricardo Cepeda, R.C., Y.C., Raquel Cepeda, Juliana Cepeda, Tania Yareli Cepeda, Valeria Cepeda, Hilario Milan Sr., G.M., J.M., Z.M., Claudia Milan, Hilario Milan Jr., Victor Manuel Valero Jr., Raul Flores III., and Jaime Garza Jr.

Plaintiff Group 2: Ruben Cortez, Daniel Cortez, Alejandro De Leon Sr., Jose Angel De Leon, Alejandro De Leon Jr., and Rene Fuentes.